## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ANTHONY A. TRUJILLO,**

> **Plaintiff,**

**vs.**                                                                **No. CIV 10-0318 WDS**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

> **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits.  Having considered Plaintiff's Motion and Memorandum Brief [Doc. 17, 18], Defendant's Response [Doc. 20], Plaintiff's Reply [Doc. 23], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff was born on February 9, 1970 and has past relevant work experience as a cook, web press operator, material handler, painter, industrial cleaner, stocker, and concession vendor. Tr. 53-55. Plaintiff applied for benefits on May 4, 2007.  Tr. 110.  He alleged that he became disabled as of June 2, 2006. Tr. 110. Plaintiff alleged that he was disabled as a result of lumbar spinal degenerative disc disease as well as neck pain, problems with concentration and memory,

1

and depression. Tr. 70. Plaintiff's application was denied at the initial level on June 9, 2007, Tr. 63, and at the reconsideration level on October 3, 2007.  Tr. 64.  Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 81.

A hearing was held on October 15, 2008 before ALJ Monica LaPolt, who heard testimony from Plaintiff and a Vocational Expert ("VE").  Tr. 22-62.  The ALJ entered a decision on November 13, 2008 finding Plaintiff not disabled.  Tr. 68.  On May 21, 2009, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 7. The Appeals Council denied Plaintiff's request for review on January 29, 2010, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals.  Tr. 1. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of

evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type

of job exists in the national economy."  *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th

Cir. 1984)).

<u>**Summary of the ALJ's Decision**</u>

At step one of the sequential five-step analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 2, 2006, the alleged onset date. Tr.70. The ALJ found at step two that Plaintiff had the severe impairment of degenerative disc disease in his lumbar spine. Tr. 70.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 71.  At step four, the ALJ concluded that Plaintiff had the RFC to perform sedentary work "except he must alternate sitting and standing at will, he is unable to stoop and crouch, he is limited to occasional climbing, balancing, kneeling and crawling, and he can tolerate only moderate exposure to temperature extremes." Tr. 71. Given the RFC assessment, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 74. At step five, the ALJ used the Medical-Vocational Rules as a framework to find that Plaintiff was not disabled.  Tr. 74.

Plaintiff alleges the following: (1) the ALJ committed legal error in neglecting to give controlling weight to Plaintiff's treating physician; (2) the ALJ's step five finding that Plaintiff is capable of performing other work is unsupported by substantial evidence where the ALJ did not present all of Plaintiff's functional limitations to the VE at the hearing; and (3) the ALJ's credibility determination is unsupported by substantial evidence.

<u>**Analysis**</u>

**1) Did the ALJ commit legal error in neglecting to give controlling weight to Plaintiff's treating physician?**

Dr. Miller, a pain management specialist, treated the Plaintiff from January 2007 to October 2007. Tr. 335-346. On September 5, 2008, Dr. Miller completed a Physical Residual Functional Capacity Questionnaire regarding Plaintiff in which he noted a number of functional limitations for the Plaintiff, including, *inter alia,* the need for taking unscheduled breaks every 15 minutes during an eight hour work day and the need to be absent from work, on average, more than three times a month. Tr. 347-351. In her decision, the ALJ states the following regarding Dr. Miller's opinion:

> The undersigned has considered the opinion of Dr. Miller found at Exhibit 11F but finds that this opinion is inconsistent with the evidence of record as a whole, including Dr. Miller's own treatment notes (Exhibit 10F), the testimony at the hearing, and the opinion of the treating specialist, Dr. Raben (Exhibit 2F).

Plaintiff argues that the ALJ failed to state the amount of weight she afforded the treating physician's opinion, if any, and failed to adequately articulate her reasons for her conclusion. Furthermore, if the ALJ rejected Dr. Miller's opinion completely, the ALJ failed to give specific and legitimate reasons for doing so. Defendant contends that the ALJ properly considered all the evidence of record, including the opinions and evidence from the Plaintiff's treating physicians, Dr. Raben and Dr. Miller.

"[A]n ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003) (citation omitted). The ALJ must first determine whether the treating physician's opinion is entitled to controlling weight. *Id.* Even if a treating physician's opinion is not entitled to controlling weight, it is "still entitled to deference and *must be weighed* using all of the factors provided in 20 C.F.R. § . . . 416.927." *Id.* (quoting SSR 96-2p, 1996 WL 374188 at *4) (emphasis added). Those factors are:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (quotation omitted).

"After considering the pertinent factors, the ALJ must give good reasons . . . for the weight he ultimately assigns the opinion." *Id.* (quotation omitted). Although an ALJ's failure to explicitly discuss all the factors may not prevent this Court from performing a meaningful review, *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered all of the factors in her weight calculation. *See* 20 C.F.R. §416.927(d)(2) ("When we do not give the treating source's opinion controlling weight, we apply the factors listed in . . . this section in determining the weight to give the opinion."); SSR 96-2p, 1996 WL 374188 at *4 (explaining that even when the treating source's opinion is not entitled to controlling weight, it is "still entitled to deference and must be weighed using *all of the factors* provided in 20 CFR . . . 416.927." (emphasis added)). *Id.* (quotation omitted). If the ALJ rejects the opinion completely, she must give specific, legitimate reasons for her decision. *Watkins v. Barnhart,* 350 F.3d at 1301. (quotations omitted).

6

As set forth above, the ALJ stated that Dr. Miller's opinion was inconsistent with the evidence of record as a whole, including Dr. Miller's own treatment notes, the testimony at the hearing, and the opinion of Dr. Raben. Although the ALJ stated that she found Dr. Miller's opinion contained various inconsistencies, she failed to provide what specifically the inconsistencies were. The ALJ also failed to articulate what weight, if any, she gave the treating physician's opinion, failed to adequately articulate the reasons for her decision, and failed to discuss the factors listed above. Without such discussion, this Court must remand. *See, e.g., Lopez v. Astrue,* 2010 WL 1172610 (10th Cir. (N.M.)) (where the Tenth Circuit reversed the district court's judgment affirming the ALJ's decision holding, *inter alia,* that the ALJ had failed to articulate what weight, if any, the ALJ gave to the treating physicians.); *see also Wade v. Astrue,* 268 Fed.Appx. 704 (10th Cir. 2008); *King v. Barnhart,* 114 Fed. Appx. 968 (10th Cir. 2004).

**2.) Did the ALJ present all of Plaintiff's functional limitations to the VE at the hearing?**

Plaintiff also argues that the ALJ's step five finding that Plaintiff is capable of performing other work is unsupported by substantial evidence because the ALJ did not present all of Plaintiff's functional limitations to the VE at the hearing. The ALJ presented two hypotheticals to the VE. One mirrored the RFC determined by the ALJ. The other hypothetical included the additional limitations diagnosed by Dr. Miller but ultimately rejected by the ALJ. The VE testified that Dr. Miller's additional limitations--the need to take frequent unscheduled breaks of at least five to ten minutes every hour and the need to miss work more than one day a month–would preclude the performance of all full time competitive employment. Tr. 58. Accordingly, the additional limitations *were* presented in a hypothetical to the VE by the ALJ.

Plaintiff's real complaint is that the ALJ did not *accept* Dr. Miller's additional limitations and therefore did not accept the VE's testimony that the limitations precluded all work.   This objection is, in essence, simply a restatement of Plaintiff's first claim, on which he prevailed. Since the matter is being remanded on the first claim it is unnecessary for the Court to make a determination on this objection.

**3.)  Did the VE fail to resolve conflicts between Plaintiff's RFC and the job requirements set forth in SSR 83-12 and the Dictionary of Occupational Titles?**

In his Reply, Plaintiff supplemented his objections by suggesting that the three jobs that the VE testified that the Plaintiff could perform do not allow for the "alternate sitting and standing at will" option included in the RFC.  Plaintiff cites SSR 83-12 to support his contention. SSR 83-12 states in pertinent part:

> 1.  Alternate Sitting and Standing
> * * *
> However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task.  Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.

Plaintiff then argues that under SSR 00-4p, the ALJ failed to identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the information in the Dictionary of Occupational Titles and failed to explain in the decision how any conflict was resolved.

At the hearing, a discussion ensued between the ALJ and the VE regarding the sit/stand at will requirement. Tr. 56-57.  The ALJ acknowledged the VE's testimony that where there is a "sit or stand at will" requirement, the work would have to be at the sedentary level. Tr. 56.  The VE further testified that the Plaintiff could not perform any of his past work because of the sit or stand at will option.  Tr. 57. The VE did testify, however, that there were three jobs within the

sedentary level that Plaintiff could perform.  Tr. 57. It is apparent to the Court that while "most" sedentary jobs do not lend themselves to sit or stand at will, the VE was aware of the limitation and selected three jobs that would accommodate a sit or stand at will requirement, notwithstanding that they are not specifically designated as such within the DOT.  Accordingly, this objection is not well taken.

### 4.  <u>Remaining Alleged Errors by Plaintiff.</u>

The Court declines to reach the other issues on appeal as they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004)(quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

### <u>Conclusion</u>

For the foregoing reasons, this Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**